ROBERT S. HENKE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Henke v. Commissioner
Docket No. 7170-70
United States Tax Court
T.C. Memo 1973-186; 1973 Tax Ct. Memo LEXIS 101; 32 T.C.M. (CCH) 874; T.C.M. (RIA) 73186; August 21, 1973 Filed. Robert S. Henke, pro se. Kimball K. Ross, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: The respondent determined a deficiency in the income tax liability of Robert S. and Marion B. Henke for the calendar year 1968 in the amount of $1,032.75. Robert (hereinafter petitioner) filed a petition in *102 this Court taking exception to the disallowance of certain deductions by respondent which gave rise to the deficiency. Not having joined in the petition, Marion B. Henke is not a party to this action. FINDINGS OF FACT Petitioner and his wife filed a joint income tax return for the calendar year 1968 on the cash method of accounting 2 with the district director of internal revenue, Brooklyn, New York. At the time of filing his petition herein petitioner lived at 635 West 174th Street, New York, New York. During the taxable year petitioner was a truck driver and a member of the Teamsters Union. In 1950 he purchased a house located at 1 Fairmont Street, Elmsford, New York for $14,750. He sold the house in 1969 for $23,000. On his return for the year 1968 he claimed a casualty loss in the amount of $2,650 by reason of a crack in the foundation of the house and an additional $1,175 by reason of damage to a retaining wall of the house, both attributable, he asserted, to a freeze in February of that year. The total figure of $3,825 was based upon an oral estimate given petitioner by the Elmsford Construction Co., Inc. "for repairing damaged foundation walls, and damaged *103 retaining wall." The repairs were never made. Respondent disallowed the deduction in its entirety on the grounds that there was no evidence the crack was due to the freeze and for the further reason that the dollar extent of the casualty loss, if any, was not shown. The respondent also disallowed $1,293.98 of the $1,381.48 claimed by petitioner as an interest expense paid to one Stanley Forbes on a second mortgage. The $87.50 conceded was arrived at by allowing 6 percent interest on a loan of 3 $2,500 for a 7-month period. A portion of the $1,381.48 was attributable to closing costs paid to an attorney.
Petitioner also deducted on his return an amount of $172.60 for safety shoes and clothes. Petitioner drove a truck carrying blacktop which necessitated the wearing of gloves and special shoes becuase of the high temperature of the blacktop. Either at trial or on brief respondent conceded that petitioner was entitled to the following deductions originally disallowed: Interest paid to Home Savings Bank
$7.40
Interest paid to Prudential Life Insurance Company
34.40
Dues paid to the Teamsters Union
84.00
OPINION The principal issue in the case is the *104 disallowance by the respondent of the claimed casualty loss to the foundation and retaining wall of petitioner's house in the total amount of $3,825. Section 165(c) (3) of the Internal Revenue Code of 1954 permits an individual to deduct "losses of property not connected with a trade or business, if losses arise from fire, storm, shipwreck, or other casualty, or from theft." [Emphasis added.] When this case was first called for trial petitioner had no evidence with him to support either the claim that the damage was due to a freeze or that the amount of the 4 casualty was in the sum claimed. He was advised by the Court that it was his burden to show that the damage was attributable to a sudden unexpected happening and to prove the measure of damage. The trial was continued for a week to permit the petitioner to bring in any evidence he might have, including the testimony of witnesses, to meet the statutory requirements. When trial was resumed petitioner presented no evidence that the cracks occurred in 1968 or that their presence was due to a freeze. The promised testimony of his wife and daughter on this score was not forthcoming. With respect *105 to the dollars involved petitioner presented an unsigned and undated letter from the Elmsford Construction Co., Inc. which stated that sometime in April 1968 they gave petitioner a verbal estimate of $3,825 to repair the damage. As stated in the findings of fact the repairs were never made. Under these circumstances we have no choice but to hold that the petitioner has failed to carry his burden of proof. Rule 32 of the Tax Court Rules of Practice.Welch v. Helvering, 290 U.S. 111 (1933). On the merits see James M. Kemper, 30 T.C. 546 (1958), affd. 269 F. 2d 184 (C.A. 8, 1959); Jack R. Farber, 57 T.C. 714 (1972). With respect to the issue of the deductibility under section 163 of certain interest payments to Stanley Forbes 5 it appears that petitioner conceded the validity of this adjustment at trial. However, this fact of concession may not be entirely free from doubt, and hence we go on to hold that, under any circumstances, petitioner failed to produce any evidence at either portion of his trial to suggest that he was entitled to a larger deduction than the $87.50 conceded by respondent. He has again failed to carry *106 his burden of proof. Rule 32, supra; Welch v. Helvering, of $172.60 for safety shoes and clothes. See section 162 of the Code. We accept petitioner's testimony that he worked with blacktop and accept as a further fact that this necessitated the purchase of special clothes for safety purposes. However, here again petitioner introduced no evidence with respect to the additional cost resulting from this particular circumstance. Nevertheless, accepting the fact of an additional expenditure we feel justified in applying the ubiquitous rule in Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930) by allowing petitioner a deduction of $100 for safety shoes and clothes. Finally, we note that petitioner on occasion complained of lack of counsel and protested that he had no money to 6 pay one. At trial the Court tried to fill this vacuum by calling petitioner's attention to the proof needed and by giving him an additional week to secure such evidence as he could. Further, he was advised that he could go to legal aid and secure the help of an attorney, at no cost, in preparing a brief in answer to that to be filed by respondent. To allow sufficient time to secure the help *107 of an attorney the petitioner was given until 90 days after receipt of respondent's brief to have a brief submitted on his behalf. Petitioner apparently did not avail himself of this opportunity since no brief on his behalf has been received. Decision will be entered under Rule 50.